J-S48029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY MORGAN | : | |
| | : | |
| Appellant | : | No. 1172 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 19, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007574-2018

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                    **FILED:  APRIL 16, 2021**

Appellant, Timothy Morgan, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his negotiated guilty plea to retail theft.[1]  We affirm.[2]

The relevant facts and procedural history of this case are as follows.  On February 19, 2020, Appellant entered a negotiated guilty plea to one count of retail theft.  In exchange, the Commonwealth recommended a time-served sentence and agreed to withdraw an additional charge.  The court conducted an oral colloquy, accepted Appellant's plea, and imposed the negotiated

_____

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] On December 7, 2020, we stayed our disposition of this case pending this Court's decision in ***Commonwealth v. Lopez***, 2021 PA Super 51 (filed March 23, 2021) (*en banc*).  Now that this Court has issued its decision in ***Lopez***, we lift the stay order.

sentence of time served to twenty-three (23) months' incarceration, as well as community service, costs of prosecution, and supervision fees. Immediately following the imposition of sentence, Appellant made an oral motion to waive costs due to financial hardship. The court declined to make any findings regarding Appellant's ability to pay, and it denied the oral motion without prejudice to Appellant's right to file a petition raising the same issue in the future. (*See* N.T. Guilty Plea Hearing, 2/19/20, at 10).

On February 24, 2020, Appellant timely filed a post-sentence motion to waive the costs of prosecution due to his inability to pay. In the motion, Appellant argued he "is presently without any financial resources that will enable him to pay any costs, and there is no realistic likelihood that he will be able to pay such costs and/or fees in the future." (Post-Sentence Motion, filed 2/24/20, at ¶4). Appellant further argued that the court possessed "the authority and duty to consider waiving costs at sentencing based on a defendant's lack of financial means to pay." (*Id.* at ¶9). Consequently, Appellant requested that the court waive costs or schedule an ability-to-pay hearing. The court denied Appellant's motion by order entered February 27, 2020. This appeal followed.

On appeal, Appellant continues to assert that a court must consider a defendant's ability to pay prior to including costs as part of a sentence. Appellant relies on Pennsylvania Rule of Criminal Procedure 706(C) for the proposition that a sentencing court has "an affirmative duty" to determine

whether the payment of costs places a financial burden on a defendant. (Appellant's Brief at 5). Appellant insists "the sentencing court should have considered [Appellant's] ability to pay when imposing costs in this matter." (*Id.* at 6). Appellant concludes this Court must vacate his sentence and remand the matter for a determination of his ability to pay the costs at issue. We disagree.

"[W]hile a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him." *Lopez, supra* at 1. "Rule 706(C) does not impose a requirement that a court hold an ability-to-pay hearing before imposing court costs on the defendant at sentencing." *Id.* at 4.

In light of our express holding in *Lopez*, the sentencing court did not err in denying Appellant's request for an ability-to-pay determination under the circumstances. Moreover, although Appellant's post-sentence motion indicated he is unlikely to pay his court costs, there is no evidence of record indicating that Appellant is in immediate peril of imprisonment due to his failure to pay the costs at issue. *See id.* at 11 (stating "unless and until a defendant is in peril of going to prison," the mandate for ability-to-pay hearing

does not arise).[3]  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/21

_____

[3] In his brief, Appellant references an "account delinquent notice," purportedly issued due to his failure to pay the court costs imposed at sentencing. (Appellant's Brief at 6).  We emphasize that Appellant does not state when the notice was issued, and the notice does not appear in the certified record. **_See Commonwealth v. Preston_**, 904 A.2d 1, 6 (Pa.Super. 2006) (_en banc_), _appeal denied_, 591 Pa. 663, 916 A.2d 632 (2007) (reiterating that appellate court is limited to considering only materials in certified record).